IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SALVADOR ACOSTA,

    Plaintiff,                   No. CIV S-04-1597 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.                <u>ORDER</u>

                                        /

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

I. <u>Factual and Procedural Background</u>

In a decision dated January 28, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe degenerative lumbosacral disk disease but this impairment does not meet or medically equal a listed impairment; plaintiff is not fully credible; plaintiff can perform the full range of sedentary work and has no nonexertional impairments; plaintiff cannot perform his past relevant work; and based on the Medical-Vocational Guidelines, plaintiff is not disabled. Administrative Transcript ("AT") 15-16. Plaintiff contends the ALJ committed error at step two by failing to find

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 <u>et seq</u>. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 <u>et seq</u>. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. <u>See</u> 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. <u>Bowen</u>, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. <u>Id</u>.

plaintiff's depression was a severe impairment; the ALJ should have obtained the testimony of a vocational expert in determining plaintiff's residual functional capacity; the ALJ failed to accord proper weight to a treating doctor's assessment; and the ALJ improperly discredited plaintiff.

II. <u>Standard of Review</u>

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. <u>Copeland v. Bowen</u>, 861 F.2d 536, 538 (9th Cir. 1988) (citing <u>Desrosiers v. Secretary of Health and Human Services</u>, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. <u>Saelee v. Chater</u>, 94 F.3d 520, 521 (9th Cir. 1996) (citing <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting <u>Consolidated Edison Co. v. N.L.R.B.</u>, 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, <u>Howard v. Heckler</u>, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. <u>See</u> <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. <u>Id</u>.; <u>see</u> <u>also</u> <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, <u>see</u> <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, <u>see</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

/////
/////
/////

III. <u>Analysis</u>

    A.  Severe Impairment

        Plaintiff contends the ALJ erred in failing to find a severe impairment due to depression. An impairment is not severe only if it "would have no more than a minimal effect on an individual's ability to work, even if the individual's age, education, or work experience were specifically considered." SSR 85-28. The analysis at step two of impairment has a durational component; the impairment must last or be expected to last at least twelve months. 20 C.F.R. §§ 404.1509; 416.909. The purpose of step two is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 107 S. Ct. 2287 (1987). "The step-two inquiry is a de minimis screening device to dispose of groundless claims." <u>Smolen v. Chater</u> 80 F.3d 1273, 1290 (9th Cir. 1996).

        The ALJ found plaintiff had a severe impairment due to severe degenerative lumbosacral disk disease but that plaintiff's affective disorder was not a severe impairment because it failed to meet the durational requirement. AT 14. This finding is supported by substantial evidence. <u>See</u> AT 169 (examining psychiatrist in October 2002 found plaintiff could perform simple and repetitive tasks and was able to perform work activities on a consistent basis and maintain regular work attendance); AT 190-191(state agency consultant in November 2002, affirmed by separate consultant in March 2003, found only moderate limitation in ability to understand and remember detailed instructions but otherwise no limitations); AT 204, 206 (same state agency consultant found only mild functional limitations and no psychiatric impairment); <u>see also</u> 20 C.F.R. § 404.1521(b) (impairment not severe if basic work activities are not limited, including understanding, carrying out, and remembering simple instructions). The ALJ properly discounted the February 12, 2003 report of the treating psychiatrist, which was based on treatment that had ended in September 2002. AT 156, 178; <u>see also</u> AT 25-26, 138 (record left

/////

4

open by ALJ for submission of any psychiatric records postdating September 2002 but none submitted).[2]  There was no error in the step two analysis.

 B.  Residual Functional Capacity

Plaintiff also contends the ALJ should have obtained the testimony of a vocational expert in assessing plaintiff's residual functional capacity.  Social Security Ruling 96-8p sets forth the policy interpretation of the Commissioner for assessing residual functional capacity.  SSR 96-8p.  Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities").  Medical evidence is used in assessing residual functional capacity.  SSR 96-8p. The ALJ's assessment was properly based on the medical evidence.

Plaintiff's main argument with respect to the use of a vocational expert appears to be that the grids[3] were inappropriately used by the ALJ in finding plaintiff was not disabled. There are limits on using the grids, an administrative tool to resolve individual claims that fall into standardized patterns: "[T]he ALJ may apply [the grids] in lieu of taking the testimony of a vocational expert only when the grids accurately and completely describe the claimant's abilities and limitations." Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985); see also Heckler v. Campbell, 461 U.S. 458, 462 n.5, 103 S. Ct. 1952, 1955 n.5 (1983).  The ALJ may rely on the grids, however, even when a claimant has combined exertional and nonexertional limitations, if nonexertional limitations are not so significant as to impact the claimant's exertional

---

[2] Plaintiff testified that he received psychiatric treatment the day his psychiatrist filled out the psychiatric assessment but no evidence of this visit is in the record.  AT 30.

[3] The Medical-Vocational Guidelines ("the grids") are in table form.  The tables present various combinations of factors the ALJ must consider in determining whether other work is available.  See generally Desrosiers, 846 F.2d at 577-78 (Pregerson, J., concurring). The factors include residual functional capacity, age, education, and work experience.  For each combination, the grids direct a finding of either "disabled" or "not disabled."

5

1  capabilities.[4]  Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990), overruled on other grounds,
2  Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (en banc); Polny v. Bowen, 864 F.2d 661, 663-
3  64 (9th Cir. 1988); see also Odle v. Heckler, 707 F.2d 439 (9th Cir. 1983) (requiring significant
4  limitation on exertional capabilities in order to depart from the grids).  As discussed above, the
5  ALJ properly found plaintiff's depression was not severe, and the ability to remember and carry
6  out simple instructions is consistent with sedentary work.  See SSR 96-9p.  Plaintiff's inability to
7  speak English and use of a cane were accommodated properly in the finding that plaintiff was
8  limited to sedentary work.  See 20 C.F.R. Pt 404, Subpt P. App. 2, § 201.00(h)(4)(I) (inability to
9  communicate in English does not significantly reduce number of unskilled jobs recognized in
10 grids); 20 C.F.R. § 404.1567(a) (sedentary job involves sitting with occasional walking and
11 standing); AT 165 (consultative examiner found plaintiff may benefit from use of cane to relieve
12 pressure off back but could stand or walk six hours a day on noncontinuous basis).  Because the
13 ALJ found plaintiff could perform the full range of sedentary work and had no nonexertional
14 limitations (AT 15), the testimony of a vocational expert was unnecessary.

  C. Treating Physician

    Plaintiff further contends the ALJ improperly rejected the opinion of a treating physician.  The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a

/////

---

[4] Exertional capabilities are the "primary strength activities" of sitting, standing, walking, lifting, carrying, pushing, or pulling.  20 C.F.R. § 416.969a (b); SSR 83-10, Glossary; compare Cooper v. Sullivan, 880 F.2d 1152, 1155 n. 6 (9th Cir.1989).
 Non-exertional activities include mental, sensory, postural, manipulative and environmental matters that do not directly affect the primary strength activities.  20 C.F.R. § 416.969a (c); SSR 83-10, Glossary; Cooper, 880 F.2d at 1155 & n. 7 (citing 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(e)).  "If a claimant has an impairment that limits his or her ability to work without directly affecting his or her strength, the claimant is said to have nonexertional (not strength-related) limitations that are not covered by the grids."  Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993) (citing 20 C.F.R., pt. 404, subpt. P, app. 2 § 200.00(d), (e)).

greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Lester, 81 F.3d at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

In a medical assessment dated July 23, 2003, plaintiff's treating physician, Dr. Mavrinac, opined plaintiff was limited to lifting 25 pounds, could not stand or walk, could sit eight hours in an eight hour workday and without interruption sit for two hours, and was limited to occasionally performing various postural activities. AT 218-219. The ALJ adopted the limitations found by Dr. Mavrinac except for the limitation on no standing or walking. AT 13. The ALJ rejected this limitation as inconsistent with plaintiff's own testimony and the

/////

/////

/////

independent observations and conclusions of the consultative examining physician. AT 13, 28-29, 161-165. It was within the province of the ALJ to resolve this conflict in the record and the ALJ provided specific and legitimate reasons for rejecting this specific limitation.[5]

### D. Credibility

Plaintiff contends the improperly discredited his subjective complaints. The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir.1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity, and effect of symptoms, and inconsistencies between testimony and conduct also

---

[5] In the context of arguing the ALJ should have found plaintiff's depression to be a severe impairment, plaintiff asserts the ALJ erroneously rejected the opinion of the treating psychiatrist, Dr. Mehtani. As discussed above in the section addressing the step two analysis, the ALJ properly rejected the limitations assessed by Dr. Mehtani as inconsistent with the findings of examining psychiatrist Dr. Tyl and the state agency consultants. AT 14.

may be relevant.  <u>Light v. Social Security Administration</u>, 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment.  See <u>Flaten v. Secretary of HHS</u>, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely, in part, on his or her own observations, see <u>Quang Van Han v. Bowen</u>, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis.  <u>Marcia v. Sullivan</u>, 900 F.2d 172, 177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."  <u>Morgan v. Commissioner of Social Sec. Admin.</u>, 169 F.3d 595, 599 (9th Cir. 1999).

        Plaintiff testified that he could only sit and stand for no more than thirty minutes and that the most he could walk was fifteen minutes due to pain.  AT 28-29.  The ALJ found plaintiff's testimony not credible because it was inconsistent with the daily activities he reported in a separate questionnaire wherein he indicated he watched soccer games, took daily twenty minute walks, vacuumed the house and made the beds sometimes and took his son to school.  AT 13-14, 107-109.  The ALJ also noted plaintiff's testimony was inconsistent with the findings of the consultative examiner and plaintiff's treating physician.  AT 165, 219.  The ALJ also factored into the credibility analysis the conservative nature of plaintiff's treatment, indicating a lesser degree of debilitation than that testified to by plaintiff.  AT 162, 225-227.  The factors considered by the ALJ were all valid and supported by the record.  The ALJ's credibility determination was based on permissible grounds and will not be disturbed.

/////

/////

/////

/////

/////

1 | The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards. Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's motion for summary judgment or remand is denied; and

    2. The Commissioner's cross motion for summary judgment is granted.

DATED: September 27, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006
acosta.ss